**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


| | |
|---|---|
| PAMELIA DWIGHT, an individual; ) | |
| BENJAMIN DOTSON, an individual; ) | |
| HUDMAN EVANS, SR., an individual; ) | |
| MARION WARREN, an individual; ) | |
| AMANDA HOLLOWELL, an individual; ) | |
| DESTINEE HATCHER, an individual; and ) | |
| WILBERT MAYNOR, an individual, ) | Civil Action File No. |
| ) | 1:18-cv-2869-RWS |
| Plaintiffs ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| BRIAN KEMP, in his official capacity as ) | |
| Secretary of State of the State of Georgia, ) | |
| ) | |
| Defendant ) | |


## ANSWER AND DEFENSES OF DEFENDANT BRIAN KEMP

COMES NOW Brian Kemp, in his official capacity as Secretary of State of the State of Georgia ("Defendant Kemp"), and for his Answer and Defenses to the Amended Complaint of Plaintiffs Pamelia Dwight, Benjamin Dotson, Hudman Evans, Sr., Marion Warren, Amanda Hollowell, Destinee Hatcher, and Wilbert Maynor ("Plaintiffs"), shows the Court as follows:

1

## FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim on which relief can be granted and should therefore be dismissed.

## SECOND DEFENSE

Some or all of the Plaintiffs lack standing to assert the claims in their Amended Complaint.

## THIRD DEFENSE

Plaintiffs' Amended Complaint requests relief that will result in a violation of the U.S. Constitution because Plaintiffs' proposed remedies require the use of race as a predominate factor in the redistricting process, which is prohibited by the Equal Protection Clause of the Fourteenth Amendment.

## FOURTH DEFENSE

Plaintiffs' requested equitable remedies should be denied on the ground of laches; Plaintiffs unreasonably delayed bringing this case and the General Assembly will redraw the Congressional districts currently in use after release of the 2020 Census.

## FIFTH DEFENSE

The Secretary denies that Plaintiffs have been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

## SIXTH DEFENSE

Defendant Kemp reserves the right to amend these defenses as further information becomes available in discovery.

Defendant Kemp responds to the individually numbered allegations of Plaintiffs' Amended Complaint as follows:

1.

The first two lines of Paragraph 1 seek to characterize Plaintiffs' claims to which no response is required as Plaintiffs' Amended Complaint speaks for itself. Defendant Kemp admits that Plaintiffs' Amended Complaint challenges the Georgia General Assembly's congressional redistricting plan, Act No. 3EX (H.B. 20EX), but he denies the remaining allegations of Paragraph 1 of Plaintiffs' Amended Complaint.

2.

With regard to the allegations in Paragraph 2, the Secretary admits that between the 2000 and 2010 Censuses, the State of Georgia saw an increase in its African-American, Latino, and Asian population. With regard to the allegation that it was a "significant" increase, the meaning of "significant" is sufficiently vague that the Secretary cannot respond to that allegation and therefore denies same. The Secretary denies that "minorities account for over 80 percent of the state's total population growth," but admits that due to the overall population increase, including an increase in white population, Georgia obtained a 14th congressional seat.

3.

Defendant Kemp admits that the Georgia General Assembly passed a 2011 congressional redistricting plan, but he denies the remaining allegations of Paragraph 3 of Plaintiffs' Amended Complaint.

4.

Defendant admits that prior to the redistricting in 2011, the African-American voting age population in CD 12 was 41.5% and that after the redistricting, the African-American voting age population was 33.3%. Defendant

Kemp denies all remaining allegations of Paragraph 4 of Plaintiffs' Amended Complaint, including footnote 1.

5.

Defendant Kemp denies the allegations of Paragraph 5 of Plaintiffs' Amended Complaint.

6.

Defendant Kemp denies the allegations of Paragraph 6 of Plaintiffs' Amended Complaint.

7.

Defendant Kemp admits that (i)-(iv) is the relief that Plaintiffs seek, but he denies the remaining allegations of Paragraph 7 of Plaintiffs' Amended Complaint and denies that Plaintiffs are entitled to any relief.

## JURISIDICTION AND VENUE

8.

The allegations in Paragraph 8 contain legal conclusions to which no response is required.  Federal jurisdiction cannot be created by consent.  In further response, Defendant denies that 42 U.S.C. §§ 1983 and 1988 are jurisdictional statutes.  Defendant further denies that the Court has jurisdiction over this matter

pursuant to 28 U.S.C. § 1357.  Defendant admits that this action presents a federal question regarding the right to vote.

9.

The allegations in Paragraph 9 contain legal conclusions to which no response is required.  Federal jurisdiction cannot be created by consent.  In further response, Defendant admits that 28 U.S.C. §§ 2201 and 2202 authorize federal courts to grant declaratory and further relief but denies that Plaintiffs are entitled to any such relief here.

10.

Defendant Kemp admits the allegations of Paragraph 10 of Plaintiffs' Amended Complaint.

**PARTIES**

11.

With respect to the allegations in Paragraph 11, the Secretary admits that Pamelia Dwight is an African-American citizen, who resides in Jenkins County where she has been registered to vote since 1998 and further admits that Jenkins County is located in CD 12.  The Secretary denies all the remaining allegations in Paragraph 11.

12.

With respect to the allegations in Paragraph 12, the Secretary admits that Benjamin Dotson is an African-American citizen who resides in Washington County where he has been registered to vote since 2000 and further admits that Washington County is located in CD 10 and that it is north of CD 12.  The Secretary denies all the remaining allegations in Paragraph 12.

13.

With respect to the allegations in Paragraph 13, the Secretary admits that Hudman S. Evans, Sr. is an African-American citizen, that he is a resident of Baldwin County and that he has been registered to vote in Baldwin County since 2006.  The Secretary lacks knowledge or information sufficient to form a belief as to whether Hudman S. Evans, Sr. has been registered to vote for 50 years, but admits that records in the State Voter Registration System show that he has been registered since at least 1990.  The Secretary further admits that Baldwin County is north of the current boundary for CD 12.  All remaining allegations in Paragraph 13 are denied.

14.

With respect to the allegations in Paragraph 14, the Secretary admits that Marion Warren is an African-American citizen and that she is a resident of

Hancock County, which is located in CD 10 and also admits that Hancock County is north of the current boundary for CD 12.  The Secretary lacks or information sufficient to form a belief as to the truth of the allegation that Marion Warren has been registered to vote in Hancock County since 1978, but admits that records in the State Voter Registration System show that she has been registered there since 1996.  All remaining allegations in Paragraph 14 are denied.

15.

With respect to the allegations in Paragraph 15, the Secretary admits that Amanda Hollowell is an African-American citizen who resides in Savannah, Georgia, which is located in Chatham County, and which is located in CD 1, and further admits that she is currently registered to vote in Chatham County.  All remaining allegations in Paragraph 15 are denied.

16.

With respect to the allegations in Paragraph 16, the Secretary admits that Destinee Hatcher is an African-American citizen who resides in Wadley County, which is located in Jefferson County, and is part of CD10 and further admits that she has been registered to vote in Wadley County since 2013.  The Secretary admits that Jefferson County is north of certain portions of the current boundary of

CD 12, but denies that it is north of all portions of CD 12.  All remaining allegations in Paragraph 16 are denied.

17.

With regard to the allegations in Paragraph 17, the Secretary admits that Wilbert Maynor is an African-American citizen, who resides in Screven County, which is located within CD 12.  The Secretary lacks knowledge or information sufficient to form a belief as to the allegation that Wilbert Maynor is a "life-long resident of Screven County and has been registered to vote since 1961."  The Secretary admits that records  in the State Voter Registration System show that Wilbert Maynor has been registered to vote in Screven County since 1994.  All remaining allegations in Paragraph 17 are denied.

18.

With respect to the allegations in Paragraph 18, the Secretary admits that he is the chief election official for the State of Georgia and that his duties are outlined in O.C.G.A. § 21-2-50.  All remaining allegations in Paragraph 18 are denied.

## LEGAL BACKGROUND

### 19.

Paragraph 19 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp. To the extent that a response is required, Defendant Kemp denies the allegations of Paragraph 19 of Plaintiffs' Amended Complaint.

### 20.

Paragraph 20 of Plaintiffs' Amended Complaint simply contains a quotation from the United States Supreme Court's decision in *Thornburg v. Gingles* to which no response is required.  To the extent a response is required, the Secretary states that the decision speaks for itself and denies all remaining allegations in paragraph 20 of the Amended Complaint.

### 21.

Paragraph 21 of Plaintiffs' Amended Complaint simply purports to summarize and quote from the United States Supreme Court's decision in *Thornburg v. Gingles* to which no response is required.  To the extent a response is required, the Secretary states that the decision speaks for itself and denies all remaining allegations in paragraph 21 of the Amended Complaint.

22.

The first sentence of Paragraph 22 contains a legal conclusion to which no response is required.  With respect to the allegations in the second sentence concerning the content of the Senate Report on the 1982 amendments to the Voting Rights Act, the Secretary states that the Report speaks for itself and denies the remaining allegations in paragraph 22 of the Amended Complaint.

23.

Paragraph 23 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp. To the extent that a response is required, the Secretary responds that the Senate Report speaks for itself and denies all remaining allegations in paragraph 23 of the Amended Complaint.

24.

Paragraph 24 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp. To the extent that a response is required, the Secretary states that the Senate Report and the case law discussing the Report speak for themselves and denies all remaining allegations in paragraph 24 of the Amended Complaint.

## FACTUAL ALLEGATIONS

### 25.

Defendant Kemp admits that from 2000 to 2010, Georgia's population increased by more than 1.5 million but denies that over "80 percent of the population growth during that period is attributable to the increase in Georgia's minority population." Defendant admits that the 2010 Census indicates that Georgia's African-American population grew by 600,893, a 25.57% increase from 2000. Defendant admits further that according to the 2010 census African-Americans comprised 30.46% of the state's population.

### 26.

Defendant Kemp admits the allegation of Paragraph 26 of Plaintiffs' Amended Complaint that Georgia gained a 14th congressional district following the 2010 Census. Defendant Kemp denies the remaining allegations of Paragraph 26 of Plaintiffs' Amended Complaint.

### 27.

Defendant Kemp admits the allegations of Paragraph 27 of Plaintiffs' Amended Complaint.

28.

Defendant Kemp denies the allegations of Paragraph 28 of Plaintiffs'

Amended Complaint characterizing congressional district 9 as a "new" district.

29.

Defendant Kemp denies the allegations of Paragraph 29 of Plaintiffs'

Amended Complaint.

30.

Defendant Kemp denies the allegations of Paragraph 30 of Plaintiffs'

Amended Complaint.

31.

Defendant Kemp is without information or knowledge sufficient to enable

him to admit or deny the allegations of Paragraph 31 of Plaintiffs' Amended

Complaint, and therefore they stand denied.

32.

Defendant Kemp is without information or knowledge sufficient to enable

him to admit or deny the allegations of Paragraph 32 of Plaintiffs' Amended

Complaint, and therefore they stand denied.

33.

Defendant Kemp admits that HB 20EX passed both the House of Representatives and the Senate.  He is without information or knowledge sufficient to enable him to admit or deny the remaining allegations of Paragraph 33 of Plaintiffs' Amended Complaint, and therefore they stand denied.

34.

Defendant Kemp denies the allegations of Paragraph 34 of Plaintiffs' Amended Complaint.

35.

Defendant Kemp denies the allegations of Paragraph 35 of Plaintiffs' Amended Complaint.

36.

Defendant Kemp denies the allegations of Paragraph 36 of Plaintiffs' Amended Complaint.

**Racial Polarization**

37.

Defendant Kemp admits that this Court made those statements in its June 1, 2018 Order denying Plaintiffs' Motion for Preliminary Injunction.  Defendant Kemp denies the remaining allegations of Paragraph 37 of Plaintiffs' Complaint.

38.

Paragraph 38 of Plaintiffs' Amended Complaint simply states Plaintiffs'
legal conclusions and therefore requires no response by Defendant Kemp. To the
extent that a response is required, Defendant Kemp denies the allegations of
Paragraph 38 of Plaintiffs' Amended Complaint.

39.

Defendant admits the allegations in paragraph 39 of the Amended
Complaint.

40.

Defendant Kemp denies the allegations of Paragraph 40 of Plaintiffs'
Amended Complaint.

41.

Defendant Kemp admits the allegations of Paragraph 41 of Plaintiffs'
Amended Complaint.

42.

Defendant admits that, as of the date of the amended complaint, forty-six
(46) of the sixty-one (61) Democrats in the Georgia House of Representatives are
African-American.  Defendant Kemp is without information or knowledge

sufficient to enable him to admit or deny the remaining allegations of Paragraph 42 of Plaintiffs' Amended Complaint, and therefore they stand denied.

## History of Discrimination

### 43.

Defendant Kemp admits that in the distant past, Georgia's history included discrimination against African-Americans and attempts to deny African-American voters an equal opportunity to vote.   Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the remaining allegations of Paragraph 43 of Plaintiffs' Amended Complaint, and therefore they stand denied.

### 44.

Paragraph 44 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp. To the extent that a response is required, Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 44 of Plaintiffs' Amended Complaint, and therefore they stand denied.

45.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 45 of Plaintiffs' Amended Complaint, and therefore they stand denied.

46.

Paragraph 46 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp. To the extent that a response is required, Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 46 of Plaintiffs' Amended Complaint, and therefore they stand denied.

47.

Paragraph 47 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp. To the extent that a response is required, Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 47 of Plaintiffs' Amended Complaint, and therefore they stand denied.

48.

Paragraph 48 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp. To the

extent that a response is required, Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 48 of Plaintiffs' Amended Complaint, and therefore they stand denied.

49.

Paragraph 49 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp. To the extent that a response is required, Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 49 of Plaintiffs' Amended Complaint, and therefore they stand denied.

50.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 50 of Plaintiffs' Amended Complaint, and therefore they stand denied.

51.

Paragraph 51 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp. To the extent that a response is required, Defendant Kemp admits the allegations of Paragraph 51 of Plaintiffs' Amended Complaint.

52.

Paragraph 52 of Plaintiffs' Amended Complaint simply states Plaintiffs'

legal conclusions and therefore requires no response by Defendant Kemp. To the

extent that a response is required, Defendant Kemp admits that Georgia was a

covered jurisdiction upon the enactment of Section 5 of the Voting Rights Act in

1965 and thus subject to the Act's preclearance provisions.  Defendant Kemp

denies the remaining allegations of Paragraph 52 of Plaintiffs' Amended

Complaint.

53.

Paragraph 53 of Plaintiffs' Amended Complaint simply states Plaintiffs'

legal conclusions and therefore requires no response by Defendant Kemp. To the

extent that a response is required, Defendant Kemp is without information or

knowledge sufficient to enable him to admit or deny the allegations of Paragraph

53 of Plaintiffs' Amended Complaint, and therefore they stand denied.

54.

Paragraph 54 of Plaintiffs' Amended Complaint simply states Plaintiffs'

legal conclusions and therefore requires no response by Defendant Kemp. To the

extent that a response is required, Defendant Kemp is without information or

knowledge sufficient to enable him to admit or deny the allegations of Paragraph

54 of Plaintiffs' Amended Complaint, and therefore they stand denied.

## Use of Racial Appeals in Political Campaigns

55.

Defendant Kemp is without information or knowledge sufficient to enable

him to admit or deny the allegations of Paragraph 55 of Plaintiffs' Amended

Complaint, and therefore they stand denied.

56.

Defendant Kemp is without information or knowledge sufficient to enable

him to admit or deny the allegations of Paragraph 56 of Plaintiffs' Amended

Complaint, and therefore they stand denied.

57.

Defendant Kemp is without information or knowledge sufficient to enable

him to admit or deny the allegations of Paragraph 57 of Plaintiffs' Amended

Complaint, and therefore they stand denied.

58.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 58 of Plaintiffs' Amended Complaint, and therefore they stand denied.

59.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 59 of Plaintiffs' Amended Complaint, and therefore they stand denied.

60.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 60 of Plaintiffs' Amended Complaint, and therefore they stand denied.

61.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 61 of Plaintiffs' Amended Complaint, and therefore they stand denied.

62.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 62 of Plaintiffs' Amended Complaint, and therefore they stand denied.

**Ongoing effects of Georgia's History of Discrimination**

63.

Defendant Kemp admits that in the distant past, Georgia had segregated public schools, hospitals, and graveyards and that African-Americans were precluded from sitting on juries.  Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the remaining allegations of Paragraph 63 of Plaintiffs' Amended Complaint, and therefore they stand denied.

64.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 64 of Plaintiffs' Amended Complaint, and therefore they stand denied.

65.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 65 of Plaintiffs' Amended Complaint, and therefore they stand denied.

66.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 66 of Plaintiffs' Amended Complaint, and therefore they stand denied.

67.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 67 of Plaintiffs' Amended Complaint, and therefore they stand denied.

68.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 68 of Plaintiffs' Amended Complaint, and therefore they stand denied.

69.

Defendant Kemp is without information or knowledge sufficient to enable him to admit or deny the allegations of Paragraph 69 of Plaintiffs' Amended Complaint, and therefore they stand denied.

## CAUSE OF ACTION

70.

Defendant Kemp realleges and incorporates his defenses and Paragraphs 1-69 of his Answer as if fully set forth herein.

71.

As stated, Defendant Kemp denies the allegations of Paragraph 71 of Plaintiffs' Amended Complaint, which is Plaintiffs' attempt to paraphrase Section 2 of the Voting Rights Act, 52 U.S.C. ¶ 10301(a).  The language of Section 2 is different and speaks for itself. Defendant Kemp further responds that Paragraph 71 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal conclusions and therefore requires no response by Defendant Kemp.

72.

Defendant Kemp denies the allegations of Paragraph 72 of Plaintiffs' Amended Complaint.

73.

Defendant Kemp denies the allegations of Paragraph 73 of Plaintiffs'
Amended Complaint.

74.

Defendant Kemp denies the allegations of Paragraph 74 of Plaintiffs'
Amended Complaint.

75.

Defendant Kemp is without information or knowledge sufficient to enable
him to admit or deny the allegations of Paragraph 75 of Plaintiffs' Amended
Complaint, and therefore they stand denied. Defendant Kemp further responds that
Paragraph 75 of Plaintiffs' Amended Complaint simply states Plaintiffs' legal
conclusions and therefore requires no response by Defendant Kemp.

76.

Defendant Kemp denies the allegations of Paragraph 76 of Plaintiffs'
Amended Complaint.

77.

Defendant Kemp denies the allegations of Paragraph 77 of Plaintiffs'
Amended Complaint.

78.

To the extent that any allegations of Plaintiffs' Amended Complaint are not specifically admitted in the above responses, they are denied.

In response to Plaintiff's Prayer for Relief, Defendant Kemp expressly denies that Plaintiffs are entitled to any relief, including the relief sought in subparagraphs (A)-(D).

WHEREFORE, having fully responded to Plaintiffs' Amended Complaint, Defendant Kemp requests the relief Plaintiffs seek be denied, that the Amended Complaint be dismissed, and that all costs of this action be cast against Plaintiffs.

This 3rd of August, 2018.

Respectfully submitted,

CHRISTOPHER M. CARR 112505
Attorney General

ANNETTE M. COWART 191199
Deputy Attorney General

RUSSELL D. WILLARD 760280
Senior Assistant Attorney General

s/Cristina M. Correia
CRISTINA M.  CORREIA 188620
Senior Assistant Attorney General

26

ccorreia@law.ga.gov

ELIZABETH MONYAK   005745
Senior Assistant Attorney General

40 Capitol Square SW
Atlanta, GA 30334
404-656-7063
404-651-9325

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NAACP, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Case No. 1:17-CV-01427- |
| v. | * | TCB-MLB-BBM |
| | * | |
| BRIAN KEMP, in his official capacity | * | CONSOLIDATED CASES |
| as Secretary of State for the State of | * | |
| Georgia, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| AUSTIN THOMPSON, *et al.,* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| BRIAN KEMP, in his official capacity | * | |
| as Secretary of State of the State of | * | |
| Georgia, | * | |
| | * | |
| Defendant. | * | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the within and foregoing **ANSWER AND DEFENSES OF DEFENDANT BRIAN KEMP** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification:

Halsey G. Knapp, Jr.
Adam M. Sparks
Krevolin & Horst, LLC
One Atlantic Center
1201 West Peachtree St. NW
Suite 3250
Atlanta, GA 30309

Marc Erik Elias
Bruce V. Spiva
Perkins Coie LLP
700 13th Street, N.W., Suite 600
Washington, D.C. 20005

Abha Khanna
Perkins Coie LLP
1201 Third Avenue, Ste. 4900
Seattle, WA 98101


    This 3rd day of August, 2018.

s/Cristina Correia
CRISTINA CORREIA
Georgia Bar No. 188620
